UNITED STATES DISTRICT COURT
NORTHERN DISTRICTT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NATIONAL IMMIGRANT JUSTICE CENTER, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | 12-cv-637 |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY and IMMIGRATION AND CUSTOMS ENFORCEMENT, | ) ) ) ) ) | |
| Defendants. | | |

**COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF
UNDER THE FREEDOM OF INFORMATION ACT**

Plaintiff alleges violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, by Defendants U.S. Department of Homeland Security, ("DHS") and Immigration and Customs Enforcement, ("ICE"). Plaintiff requested, pursuant to FOIA, information about alien minors in Defendant ICE's custody from October 1, 2008 through September 30, 2010. Defendants failed to conduct an adequate search for responsive documents and improperly withheld certain information about the minors. This action is being filed in order to vindicate the public's fundamental right to know whether the government is complying with the law in its treatment of alien minors detained in ICE custody.

Based on the partial information released by Defendants, a large number of alien minors are affected. In fact, of the 27,000 minors apprehended between October 1, 2008 and September 30, 2010, it appears that approximately 2,000

minors were detained in non-juvenile specific facilities, usually adult facilities, for anywhere from 4 to 450 days. Plaintiff intends to analyze the data produced in order to inform the public whether ICE is complying with legal requirements when it houses minors in its custody. Full release of the data concerning these minors is, without doubt, in the public interest.

## JURISDICTION, VENUE, AND BASIS FOR RELIEF

1. This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because this action arises under the FOIA and the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq.

2. Venue properly rests with this Court pursuant to 5 U.S.C. § 552(a)(4)(B) because Plaintiff's principal place of business is within this district.

3. This Court may award Plaintiff declaratory relief pursuant to the FOIA and the Declaratory Judgment Act.

## PARTIES

4. Plaintiff, National Immigrant Justice Center ("NIJC") is an Illinois non-profit dedicated to ensuring human rights protections and access to justice for immigrants, refugees and asylum seekers. NIJC provides direct legal services to more than 10,000 individuals each year and advocates for these populations through direct representation, policy reform, impact litigation, and public education. NIJC's principal place of business is Chicago, Illinois. NIJC submitted the FOIA requests denied by Defendants DHS and ICE that are the subject of this action.

5. Defendant DHS is a Department of the Executive Branch of the United States government. It has possession of, and control over, the information sought by Plaintiff NIJC under FOIA, and it has withheld said information from Plaintiff.

6. Defendant ICE is a component agency of DHS. It has possession of, and control over, the information sought by Plaintiff NIJC under FOIA, and it has withheld said information from Plaintiff.

7. Both DHS and ICE are "agencies" within the meaning of 5 U.S.C. § 552(f)(1).

## STATUTORY FRAMEWORK

8. The FOIA requires executive branch agencies of the United States government to release information to the public, upon request, unless one of nine specific statutory exemptions applies. 5 U.S.C. §§ 552(a)(3)(A); 552(b).

9. The FOIA exempts from production "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. §§ 552(b)(6).

10. The FOIA exempts from production "records or information compiled for law enforcement purposes, but only to the extent the production of such law enforcement records or information...could reasonably be expected to constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C).

## STATEMENT OF FACTS

11. Beginning in March of 2003, with the reorganization of the former Immigration and Naturalization Service, ("INS"), the Office of Refugee

Resettlement, ("ORR"), assumed responsibility for and authority related to the custody and care of "unaccompanied alien minors" who are detained in federal custody for immigration violations.

12. ORR manages a network of juvenile facilities and other housing options for alien minors and is required to comply with regulations and an ongoing Consent Decree regarding the detention of immigrant minors in custody.

13. Plaintiff's FOIA request concerned the minors apprehended by ICE who do not fit the definition "unaccompanied alien minor" and are detained in ICE custody as opposed to ORR custody.

14. On information and belief, when detained in ICE custody, as opposed to ORR custody, minors are detained in facilities that house adults and may lack access to child-appropriate conditions and services.

15. Alien minors in ICE custody have far more limited access to legal counsel than minors detained in ORR custody.

16. The custodial conditions of alien minors in ICE custody potentially violate the basic rights of the minors and DHS's regulations regarding the detention and release of juveniles which codified the long-standing Consent Decree entered in *Flores v. Meese,* 85-CV-4544 (C.D.C.) *See* 8 C.F.R. §236.3 *et.al*.

17. Plaintiff seeks the information that is the subject of this lawsuit in order to determine how many and for how long apprehended minors are being detained in ICE custody, and whether they have access to legal counsel and appropriate services while in ICE custody.

18.     By letter dated December 20, 2010, Plaintiff NIJC submitted a request pursuant to FOIA to Defendant ICE requesting "electronic records from the [Defendant] DHS's central database for all minors in ICE custody from October 1, 2008 through September 30, 2010." Exhibit A.

19.     The letter requested a maximum of 22 pieces of information pertaining to each such minor including: Alien numbers, birth dates, the zip code of the minor's home address and information from the minor's removal proceeding. Exhibit A.

20.     The information was requested "for the purpose of determining the number and locations of minors held in the custody of ICE, including those transferred to ORR [Office of Refugee Resettlement] custody [allowing NIJC] to analyze the length of detention for minors in ICE custody." *Id.*

21.     On April 12, 2011, having received no substantive response from Defendants, Plaintiff filed a timely appeal. Exhibit B.

22.     On April 22, 2011, Defendant ICE responded to Plaintiff's original request. Exhibit C.

23.     ICE responded that for much of the information requested, the "requested data points are not available." Exhibit C.

24.     ICE provided an Excel spreadsheet that contained the apprehension date, book in date, book out date, the name and address of the detention facility where the minor was held, and the reason for release for each minor.

5

25. Relying on three exemptions, the Privacy Act Exemption (k)(2), FOIA Exemption 6, and FOIA Exemption 7(C), Defendant ICE withheld from production the birthdates and Alien numbers of the minors apprehended.

26. On June 13, 2011, Plaintiff timely appealed ICE's April 22, 2011, determination. Exhibit D.

27. On September 22, 2011, Defendant DHS denied Plaintiff's appeal. Exhibit E.

28. The Defendant reversed the reliance on the Privacy Act finding that "use of Privacy Act Exemption (k)(2) … was improper." *Id.* However, Defendant did not release any additional data.

29. DHS affirmed ICE's reliance on FOIA Exemptions (b)(6) and (b)(7)(C) to withhold "A-numbers and birth dates, [because] the use of the knowledge of this information … could be used to determine the identity of the individual who is the subject of the proceeding." *Id.*

### DEFEDANTS FAILED TO ADEQUATELY SEARCH FOR THE INFORMATION REGARDING THE MINORS' REMOVAL PROCEEDINGS

30. The "data points" Defendants asserted was "not available" consisted of information germane to the individual minors' removal proceedings. The FOIA requested (a) the date the Notice to Appear was issued to the minor; (b) the Immigration Court that handled the minor's case; (c) whether any EOIR-28 form was filed by an attorney for the minor in the case; (d) whether any G-28 form was filed by an attorney for the minor in the case; (e) the date the removal proceedings began and concluded; and (f) the outcome of the removal proceedings.

31. Removal proceedings are conducted by the Immigration Court in the Executive Office for Immigration Review in the Department of Justice.

32. ICE is the prosecuting authority in a removal proceeding.

33. ICE officers are authorized to issue a Notice to Appear upon an alien which initiates the removal proceeding. 8 C.F.R. § 239.1(a).

34. ICE officers routinely issue and serve the Notice to Appear.

35. The Notice to Appear for minors in ICE custody is in the possession and control of the Defendants.

36. Form G-28, Notice of Entry of Appearance as Attorney or Representative, is a DHS form and is used when representing individuals in immigration matters. It is customary and required for an attorney to file a form G-28 with ICE when the attorney is representing an individual in the custody of ICE.

37. When a Notice of Entry of Appearance as Attorney or Representative before the Immigration Court, EOIR-28, is filed on behalf of a person in removal proceedings, a copy *must* be served on ICE's Office of Chief Counsel.

38. Any EOIR-28 filed on behalf of a minor in the Defendants' custody is in the possession and control of the Defendants.

39. At the conclusion of the removal proceedings for persons detained in ICE custody, ICE must be notified of the result.

40. Defendants' assertion that this information is "not available" is not accurate, and their failure to produce this information to Plaintiff violated FOIA.

## **DEFENDANTS VIOLATED FOIA WHEN IT REFUSED TO PRODUCE THE ALIEN NUMBERS AND BIRTH DATES OF THE MINORS**

41. FOIA "mandates a strong presumption in favor of disclosure." *Nat'l Ass'n of Homebuilders v. Norton,* 309 F.3d 26, 32 (D.C. Cir. 2003) (quoting *Dep't of State v. Ray,* 502 U.S. 164, 173 (1991)). Indeed, "FOIA reflects a general philosophy of full agency disclosures unless information is exempted under clearly delineated statutory language." *Id.* Thus, "unlike the review of other agency action that must be upheld if supported by substantial evidence and not arbitrary and capricious, the FOIA expressly places the burden 'on the agency to sustain its action and directs the district courts to determine the matter de novo.'" *Dept. of Justice v. Reporters Comm. For Freedom of the Press,* 489 U.S. 749, 754 (1989) (quoting 5 U.S.C. § 552(a)(4)(B)).

42. A-Numbers are identification numbers assigned by DHS to all non-citizens, including, for example, legal residents, U-Visa recipients, and immigrants who have been detained by DHS.

43. DHS maintains data regarding detention locations and adjudications according to a person's A-number.

44. A-numbers are essential to NIJC's ability to study and report on detained minors' access to legal services.

45. Defendants' refusal to provide birthdate or Alien number information renders the information provided essentially useless. Plaintiffs cannot know for certain even how many minors were in ICE custody during the requested time period.

46. Immigrants detained by ICE are commonly detained in facilities administered by state or other federal authorities under agreements with ICE. Detainees are often shuffled between jails based on availability.

47. In the absence of A-numbers and birth dates, it is impossible to discern whether each entry contained in the information provided by Defendants pertains to a single minor or if a single minor may be represented several times on the spreadsheet based on transfers within the system.

48. Unlike social security numbers, A-Numbers have no significance for the purpose of any financial records and cannot be used to effectuate identity theft. Similarly, unlike medical or personnel files, there are no confidentiality laws specifically restricting the disclosure of A-numbers.

49. DHS routinely discloses a person's A-number to the public. For example, DHS employees frequently disclose A-numbers in immigration courts, both in writing and orally.

50. Defendants' reliance on exemptions b(6) and b(7)(c) to refuse to produce A-numbers and dates of birth is misplaced. *CIE Washington v. Dept. of Justice,* 469 F.3d 126 (D.C.Cir. 2006) (reversing summary judgment to government when it refuse to produce Alien numbers).

## CAUSE OF ACTION

51. Plaintiff re-alleges and incorporates the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

9

52. By failing to provide all records responsive to Plaintiffs FOIA Request, Defendant has violated the FOIA's mandate to release agency records to the public. 5 U.S.C. § 552(a)(6).

53. Plaintiff has a statutory right to have Defendant process the Request in a manner which complies with FOIA. Plaintiff's rights in this regard were violated when Defendant unlawfully denied Plaintiff's request.

54. Unless enjoined by this Court, Defendant will continue to violate Plaintiff's statutory rights to receive records under the FOIA.

55. Plaintiff is entitled to obtain the requested records immediately at no cost.

56. Plaintiff is entitled to reasonable costs of litigation, including attorney fees, pursuant to the FOIA. 5 U.S.C. § 552(a)(4)(E).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court enter a judgment:

(1) declaring that Defendant has violated FOIA by failing to timely provide all records responsive to Plaintiff's FOIA Request;

(2) ordering that Defendant make all records responsive to the Request available to Plaintiff at no cost within twenty days;

(3) awarding Plaintiff its litigation costs and reasonable attorneys' fees in this action; and,

(4) ordering such other relief as the Court may deem just and proper.

10

January 30, 2012

                                                  Respectfully submitted,

                                                  _s/ Mary M. Rowland_
                                                  Mary M. Rowland

José J. Behar
Mary M. Rowland
Hughes Socol Piers Resnick & Dym, Ltd.
70 West Madison Street, Suite 4000
Chicago, Illinois 60602
Tel: 312-580-0100
Fax: 312-580-1994